UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:14-cr- 52 |
| vs. ) | |
| ) | Judge Mattice/Carter |
| JAMES C. PITTMAN ) | |

## INFORMATION

The United States charges that:

### Introduction

FILED
APR 28 2014
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

At all times material to this information:

1. The defendant, James C. Pittman, owned and operated a landscaping business in Chattanooga, Tennessee, and the bank account for that business was in Chattanooga, Tennessee.

2. Co-conspirator #1 was an active duty member of the United States Army serving in the country of Afghanistan. When in the United States, Co-conspirator #1 was stationed at Fort Campbell, Kentucky, and he and Pittman knew each other from when both previously had been stationed at Fort Campbell when Pittman was in the U.S. Army.

3. Co-conspirator #2 was the father of Co-conspirator #1 and lived in Horn Lake, Mississippi.

### COUNT ONE

From in or about October 2008 to in or about January 2010, in the Eastern District of Tennessee and elsewhere, the defendant, Co-conspirator #1 and Co-conspirator #2, did knowingly combine, conspire, and agree with each other to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to transport, transmit,

and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds involving the proceeds of specified unlawful activity, that is, the cash proceeds from the bribery of a public official, to a place in the United States, namely Chattanooga, Tennessee, from and through a place outside the United States, namely Afghanistan, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, that is, bribery of a public official, and knowing that such transportation, transmission, and transfer were designed in whole or in part to conceal and disguise the nature, location, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1. Co-conspirator #1, while working in Afghanistan with the U.S. Army, would wrongfully obtain large amounts of cash, from contractors seeking to do business with the U.S. Army, and in return for his official acts with the U.S. Army.

2. On numerous occasions, Co-conspirator #1 would ship containers with cash from Afghanistan to defendant Pittman in the United States – approximately $70,000 – with the understanding between the two that Pittman would pass the cash through his landscaping business and return most of it to Co-conspirator #1 in the form of "salary" checks from the company bank account.

2

3. Co-conspirator #2 would provide defendant Pittman approximately $20,000 he received in cash shipped from Co-conspirator #1 in Afghanistan for defendant to also pass through his landscaping business and return most of it to Co-conspirator #2 in the form of "salary" checks from the company bank account.

All in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF FORFEITURE

1. The violation alleged in Count One of this Information is realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of the offense alleged in Count One of this Information, the defendant in this Information, James C. Pittman, shall forfeit to the United States all proceeds and any property, real or personal, involved in the conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), including, but not limited to:

   a. $89,694 in U.S. Currency, which represents the sum of money equal to the amount of proceeds derived from or traceable to the conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

3. If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to seek the forfeiture of substitute property, pursuant to Title

18, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All in violation of Title 18, United States Code, Sections 982 and 1956.

                WILLIAM C. KILLIAN
                United States Attorney

                JEFFREY H. KNOX
                Chief, Fraud Section, Criminal Division
                U.S. Department of Justice

By: _____
     James T. Brooks
     Assistant United States Attorney

By: _____
     Daniel P. Butler
     Trial Attorney, Fraud Section